United States District Court
Southern District of Texas
**ENTERED**
April 08, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FRANCIS SANTAROSE, § § Plaintiff, § VS. § DEUTSCHE BANK NATIONAL TRUST § COMPANY, § § Defendant. | CIVIL ACTION NO. 4:19-CV-00567 |

## MEMORANDUM OPINION AND ORDER

This case arises from a home equity loan. Plaintiff Francis Santarose ("Santarose") filed this action against Deutsche Bank National Trust Company ("Deutsche Bank") seeking damages and to prevent Deutsche Bank from foreclosing on real property he allegedly owns with his now ex-wife, Angela Santarose. Pending before the Court is Deutsche Bank's Motion for Summary Judgment and Motion for Judgment on the Pleadings. Dkt. 19. After careful consideration of the pleadings, the motion, response, reply, the parties' submissions, and the applicable law, the Court **GRANTS** the motion for summary judgment. The motion for judgment on the pleadings is **DENIED** as moot.

### I. Factual and Procedural Background

In 2005, Mr. and Mrs. Santarose obtained a home equity loan regarding their property at 1807 Briarchester Drive in Katy, Texas. As part of the loan process, the Santaroses executed a Home Equity Security Instrument ("Note"). Dkt. 19-2. The indebtedness was secured by a Texas Home Equity Security Instrument ("Deed of Trust") establishing a first lien on the Santarose property. Dkt. 19-3. The Santaroses also

executed a Texas Home Equity Affidavit and Agreement. Dkt. 19-4. (The Note, Deed of Trust, and subsequent modification are collectively referred to as the "Loan.") The original holder of the Note and mortgagee was Accredited Home Lenders, Inc., A California Corporation.

Although the Santaroses executed a Loan Modification Agreement in July 2009, by November 2009 they had defaulted on the Loan. Dkt. 19-5 (Loan Modification Agreement). It is undisputed that neither the Santaroses nor anyone on their behalf paid the installment payment due November 1, 2009, or any installments after that. Dkt. 19-1 at 2 ¶ 9.

In 2010 the Santaroses executed a Corporate Assignment of Deed of Trust ("Deed") which assigned Deutsche Bank as the Trustee. It is undisputed that Deutsche Bank is the current owner and holder of this Note, the current mortgagee of the home equity loan, and legally authorized to enforce both the Note and the home equity loan. Dkts. 19-1, 19-2, 19-3, 19-6. Select Portfolio Services, Inc. ("SPS") is the current mortgage servicer for the loan. Dkt. 19-9.

Following the default, Deutsche Bank filed an application in state court for "An Expedited Order Under Rule 736 On A Home Equity Loan." A default order was entered against the Santaroses and Deutsche Bank began its efforts to foreclose on the property. *See* Dkts. 19-7, 19-8.

Santarose originally filed this action in state court. Deutsche Bank filed an answer in state court and then removed the case to federal court. In this action, Santarose has asserted claims against Deutsche Bank for "No Notice Default/Acceleration" and for

violation of Texas Property Code § 5.065, alleging that Deutsche Bank failed to give him the proper notice required by law before attempting to foreclose on the property. Deutsche Bank responded by filing counterclaims and third-party claims for judgment authorizing foreclosure on the subject property.

Deutsche Bank has now moved for summary judgment on both of Santarose's claims, on the grounds that Santarose cannot establish all the essential elements of his claims. Deutsche Bank has also moved for summary judgment on its counterclaim, arguing that it is entitled to a judgment allowing it to proceed with the foreclosure. For the reasons detailed below, the Court grants Deutsche Bank's motion.

## II. Summary Judgment Standard

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not *negate* the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex*, 477 U.S. at 323) (emphasis in original). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of

the nonmovant's response." *Id.* If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *Id.* The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In reviewing the evidence, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000). The court resolves factual controversies in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.

### III. Analysis

#### A. Claim for "No Notice Default/Acceleration"

Under Texas law, a party alleging wrongful foreclosure must prove a defect in the foreclosure-sale proceedings. *LSR Consulting, LLC ex rel. Karna v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 533 (5th Cir. 2016) (citing *Charter Nat'l Bank–Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied)). Texas requires strict compliance with a deed of trust, including notice conditions. *LSR Consulting*, 835 F.3d at 532–33 (citing *Univ. Sav. Ass'n v. Springwoods Shopping Ctr.*, 644 S.W.2d 705, 706 (Tex. 1982) ("Texas courts have consistently held that the terms set out in a deed of trust must be strictly followed.")). The crux of Santarose's claim is his

allegation that "[i]nstead of following procedure pursuant to the Texas Property Code as well as the related Deed of Trust, Deutsche Bank failed to send a notice of default and provide the opportunity to cure, a notice of intent to accelerate the debt, a notice of acceleration of debt and/or a notice of substitute trustee's sale. Instead, Deutsche Bank violated Santarose's due process rights by simply posting his Property for foreclosure sale." Dkt. 1-4. In this case the summary judgment evidence does not establish the essential element of a defect in the foreclosure sale proceedings.

The summary judgment evidence specifically refutes Santarose's allegations of lack of notice. The record establishes that on October 15, 2015 while the payment obligations under the Note were in default, notice of default was sent via certified mail to the Santaroses. Dkt. 19-8. This letter gave the Santaroses notice that they were in default, the opportunity to cure the default, and notice of Deutsche Bank's intent to accelerate the debt if they remained in default. *Id.* Likewise, the evidence in the record establishes that on December 21, 2018, while the payment obligations due under the Loan remained in default, the payment obligations were accelerated via written Notice of Acceleration and Posting sent by certified mail to the Santaroses at their last known address. *Id.* Additionally, the record contains prima facie evidence of Deutsche Bank's service of these documents on the Santaroses via the affidavit of Mark Syphus, who works for SPS, the current mortgage servicer for the Loan. Dkt. 19-1. Accordingly, the Court finds no genuine issue of material fact as to whether Deutsche Bank served the Santaroses with

the required Notices of Default and Intent to Foreclose documents prior to accelerating their indebtedness and proceeding with a foreclosure sale.[1]

Santarose acknowledges that only service of the notices, not actual receipt, is required to comply with the Texas Property Code's notice requirements. However, he argues that summary judgment should be denied because, "it is an undisputed fact that Plaintiff never received the notices . . . and it remains unproven whether Defendant actually sent the required notices." Dkt. 22 at 4. Santarose argues that the record does not establish that notices were actually sent because the affidavit of Mark Syphus "is your typical business records affidavit which authenticates the documents as kept in the ordinary course of business" and the affidavit does not establish that Syphus has personal knowledge of the facts attested in his affidavit. Dkt. 28 at 1.

The Court finds these arguments unpersuasive. Although Santarose objects that the affidavit is not based on personal knowledge, it contains sufficiently specific statements for the Court to conclude that the affiant had personal knowledge of the facts attested therein. Furthermore, the affidavit's statements do not stand alone. Deutsche Bank provided supporting documentation as to the notices given and their content. Finally, Santarose's self-serving affidavit testimony of non-receipt of the notices does not creates a fact issue requiring trial of this claim. *LSR Consulting, LLC v. Wells Fargo*

---

[1] Although Santarose alleges in his complaint that Deutsche Bank unlawfully failed to give them "notice of the substitute trustee's sale," this allegation is not supported by the summary judgment record in this case. *See* Dkt. 22-3 at 5–7 (Pl.'s Resp. Def.'s Mot. Summ. J. & Mot. J. Pleadings, Ex. 3, "Order Granting Petitioner's Application for Expedited Foreclosure under Rule 736 on Home Equity Loan or Home Equity Line of Credit); *see also* Dkt. 2-5 (Ex. 5, "Affidavit of Francis Santarose").

*Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) ("[W]e reject [the] assertion that . . . testimony of non-receipt of the notices creates a fact issue requiring trial.").

### B. Violation of Texas Property Code § 5.065

Santarose also asserts a claim for violation of Section 5.065 of the Texas Property Code based on his allegations that Deutsche Bank failed to provide notice of default. As the Court found above, the summary judgment record establishes that Deutsche Bank did provide all lawful notices of the Santaroses' default. Furthermore, Section 5.065 cannot apply to the Loan at issue here. Section 5.065 only applies to contracts for deed, and summary judgment evidence establishes that the Loan is not a contract for deed loan. *See* Tex. Prop. Code § 5.065; Dkt. 19-2, 19-3.[2] Accordingly, Deutsche Bank is also entitled to summary judgment on this claim

### C. Foreclosure

"Under Texas law, lenders have a substantive right to elect judicial or non-judicial foreclosure in the event of a default." *Douglas v. NCNB Texas Nat. Bank*, 979 F.2d 1128, 1130 (5th Cir. 1992). When, as in this case, the security instrument in a home-equity loan contains a power of sale provision, the lender has a choice of remedies. The lender may (1) choose to file a claim for judicial foreclosure (Tex. R. Civ. P. 735.3), (2) file a claim

---

[2] Section 5.065 is part of chapter 5, subchapter D of the Texas Property Code, which governs "executory contracts for conveyance." *See* Tex. Prop. Code §§ 5.061-85. "Subchapter D was enacted to protect purchasers who execute a contract for deed." *Weaks v. White*, 479 S.W.3d 432, 439 (Tex. App.—Tyler 2015, pet. denied). "A contract for deed, unlike a typical secured transaction involving a deed of trust, is a financing arrangement that allows the seller to maintain title to the property until the buyer has paid for the property in full." *Morton v. Nguyen*, 412 S.W.3d 506, 509–10 (Tex. 2013).

for judicial foreclosure as a counterclaim in a suit initiated by the borrower, or (3) pursue a non-judicial foreclosure, or 'Expedited Foreclosure Proceeding,' based on the power of sale in the security instrument. Tex. R. Civ. P. 736.

To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (l) a debt exists, (2) the debt is secured by a lien created under Article 16, section 50(a)(6) of the Texas Constitution, (3) plaintiffs are in default under the note and security instrument, and (4) plaintiffs received notice of default and acceleration.

In this case Deutsche Bank is entitled to foreclose on the Property since the Santaroses have defaulted on their contractual payment obligations, remain in default, and Deutsche Bank has complied with all prerequisites to foreclosure. The summary judgment evidence establishes that:

(a) a debt exists (*see* Dkts. 19-1, 19-2, 19-3);

(b) the debt is secured by a lien created under the Texas Constitution article XVI, section 50(a)(6), for a home equity loan (Dkts. 19-2, 19-3, 19-4);

(c) a default under the Deed of Trust exists (Dkt. 19-1);

(d) the requisite notices to cure the default under the Deed of Trust, Texas Property Code section 51.002, and other applicable law have been provided and the payment obligations have been accelerated (Dkt. 19-1, 19-9); and

(e) Borrowers are not members of the National Guard or United States Military and have not applied for relief under the provisions of the Soldier's and Sailor's Relief Act of 1940. Dkt. 19-10.

Accordingly, Deutsche Bank is entitled to summary judgment on its counterclaims for non-judicial foreclosure against the Santaroses.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the motion for summary judgment. Dkt. 19. The motion for judgment on the pleadings is **DENIED** as moot. Duetsche Bank is authorized to foreclose on the property in accordance with Texas law and the terms of security instrument.

The Court will enter a separate final judgment consistent with this order.

SIGNED this day 7th day of April, 2020.

                                         George C. Hanks Jr.
                                         United States District Judge